**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

                 Plaintiff,                          **CRIMINAL ACTION**

    v.

                                     **Case No. 11-cr-20132-07-KHV-DJW**

ARACELI RAMIREZ,

                 Defendant.

<u>MEMORANDUM AND ORDER</u>

On December 21, 2011, a grand jury charged Defendant Araceli Ramirez, as well as ten other defendants, with theft of U.S. Department of Housing and Urban Development Section 8 Program housing rent subsidies, and making a false statement on an application for rent subsidies.[1]  This matter is before the Court on the United States' oral motion for pretrial detention of Defendant (ECF No. 30) made on February 14, 2012.  The Court held a hearing on the motion on February 21, 2012. The Court has considered the motion and the statements of counsel during the hearing, and, for the reasons set forth below, finds that the Motion should be denied and Defendant should be released subject to certain conditions to be determined at a future hearing.

**I.**    <u>Standards for Detention</u>

Under the Bail Reform Act of 1984, the Court must order the pretrial release of the accused, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[2]  In making this determination, the Court must take into account the available

---

[1]*See* Indictment (ECF No. 1), Counts 13-15, and 16.

[2]18 U.S.C. § 3142(e).

information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [sex trafficking of children], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [3]

The government has the burden to prove the risk of flight by a preponderance of the evidence.[4]  The government must prove a danger to other persons or the community by clear and convincing evidence.[5]  The court must resolve all doubts regarding the propriety of release in the defendant's favor.[6]

## II.    **Application of the Factors**

### A.    **Nature and Circumstances of the Offense**

Defendant is charged with three counts of theft of public money under 18 U.S.C. § 641, and

---

[3]18 U.S.C. § 3142(g).

[4]*See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5]*See id.* (citing 18 U.S.C. § 3142(f)).

[6]*U.S. v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008).

one count of making a false statement on a rent subsidy application under 18 U.S.C. § 1001. If convicted of theft of public money, Defendant could face maximum penalties of not more than 10 years imprisonment for each count. If convicted of making a false statement, Defendant could face imprisonment of not more than 5 years.

The government estimates the loss to the government at approximately $30,677. If convicted, Defendant could likely face a sentence range of 10 to 16 months. The nature of the alleged offenses is theft by fraud and did not involve the use of violence, force, or weapons. Based upon the amount of monies involved, the probable penalty to be imposed is not so great that Defendant would be expected to flee. Although the nature of the offense may reflect a dishonest or deceitful character, or an ability to procedure fraudulent identity documentation, the Court does not find these to be determinative in themselves as showing Defendant to be a flight risk. The Court considers this factor to weigh in favor of pretrial release.

### B.     Weight of the Evidence

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully made materially false statements and representations on an application for rent subsidy benefits, and thereby unlawfully stole rent subsidy payments to which she was not qualified to receive, the evidence is not so overwhelming that it must weigh in favor of detention. The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that Defendant has committed them. This factor is neutral.

### C.     History and Characteristics of Defendant

Defendant is a 40-year old female citizen of Mexico. She has been married to Mark Weldon, who is a U.S. citizen, since 2004. She has five children between the ages of 18 and 3, the four older

children all attend school here in Kansas City.  Her two youngest children are U.S. citizens.  She is actively involved with a family literacy program with her youngest child, who has language-delay issue.

Defendant is a stay-at-home mom and housewife.  Her husband is employed in the community to support their family. Defendant's parents live in Mexico.  She has three siblings in the United States, two of which live in Kansas City.

Defendant came to the United States legally in 2002 with her three oldest children, on a visitors visa, which expired last year. She came to the United States to work as a child care provider for her aunt.  She currently does not have a passport and is currently illegally in the United States. Defendant has started the process of applying for legal citizenship and is working with an attorney to gain legal status.  That process has been delayed to lack of financial resources.

At the detention hearing, Defendant submitted four letters in support of her pretrial release. The first letter is from an adult education instructor from the Kansas City Kansas Community College who has known Defendant for about six months.  Defendant is a student in her adult education class.  The class is part of a family literacy program that Defendant attends with her 3-year-old son.  The letter from Defendant's teacher further states:

> I understand that Araceli is facing some serious charges, but I do not believe that she is a flight risk.  She is married to a U.S. citizen and has five children to take care of her in Kansas City.  She has shared her goals with me her goals of getting her GED, becoming a permanent resident, and then working so that she can help her husband financially.  She has also shared that she does not want to return to Mexico because of the crime and danger there.

The second letter is from an early children educator with the Kansas City Kansas public school system who has known Defendant six months due to Defendant's participation in the family literacy program with her young son.  The letter states that her son cannot continue in the program

without her and he is too young to attend the preschool. The letter further states that Defendant and her husband are wonderful parents and are very involved in their children's education by attending parent-teacher conferences, after-school activities, and volunteering in the schools/classroom which their children attend. The letter further states that Defendant is working toward her GED, and is working with an attorney to attain U.S. citizenship.

The third and fourth letters are from classmates of Defendant. Both letters contain very positive statements about Defendant's character and stress that Defendant's children and husband are very dependent on her.

Immigration and Customs Enforcement ("ICE") has lodged a detainer against Defendant due her illegal status as her visitor's visa expired last year. The government argues that Defendant is a risk of flight based upon the ICE detainer. While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[7] As this Court has previously noted in the companion cases of *U.S. v. Lozano-Miranda*,[8] and *U.S. v. Garcia-Gallardo*,[9] the existence of the ICE detainer is not in and of itself sufficient grounds to find that a defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . . ."[10] The departure of an "alien who is needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United

---

[7] *See Chavez-Rivas*, 536 F. Supp. 2d at 964 n. 3 (citations omitted).

[8] No. 09-cr-20005-KHV, 2009 WL 113407, at *3 n.13 (D. Kan. Jan. 15, 2009).

[9] No. 09-cr-20005-KHV, 2009 WL 113412, at *2 n.13 (D. Kan. Jan. 15, 2009).

[10] 8 C.F.R. § 215.2(a).

States.[11]   The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part."[12]

The government also argues that Defendant should be detained because she had shown that she can obtain fraudulent documents to establish a different identity. The Court finds that the government has not carried its burden in this regard.  While recognizing that there is some risk of flight by Defendant due to the ICE detainer, the Court finds this risk is strongly outweighed by Defendant's strong family ties to the community, including a spouse and two young children who are U.S. citizens, the level of her involvement in her children's lives, her working toward her GED, and her steps to attain legal citizenship.  In addition, her length of time living in the community, the nature of the charges, and her lack of any prior criminal record suggest that conditions of release could be set to reasonably assure Defendant's presence at trial.  The fact that Defendant could obtain fraudulent documents to establish a new identity, which are reportedly widely available in the community, does not outweigh her very strong family ties to the community.  This factor weighs in favor of pretrial release.

### D.  Danger to the Community

Defendant has no criminal history.  The United States has not shown that Defendant poses any risk of danger to the community or other persons.  Thus, the Court finds that this factor weighs in favor of pretrial release.

---

[11]8 C.F.R. § 215.3.

[12]*Id.* (emphasis added).

III.     **Conclusion**

Having considered all relevant pleadings and the statements of counsel during the February 21, 2012 hearing, the Court finds that Defendant should be released.  As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[13] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the United States has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the United States' oral motion for pretrial detention of Defendant Araceli Ramirez (ECF No. 30) is denied.  Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release is set for **February 29, 2012 at 10:00 a.m.**

**IT IS FURTHER ORDERED** that Pretrial Services shall provide proposed conditions for release no later than **February 27, 2012.**

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of February 2012.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[13]18 U.S.C. § 3142(e).